UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


ALEXIS MENDEZ,

                    Petitioner,

vs.                                    Case No.  2:10-cv-198-FTM-29DNF
                                       Case No.  2:06-cr-82-FTM-29DNF

UNITED STATES OF AMERICA,

                    Respondent.

_____


**OPINION AND ORDER**

     This matter comes before the Court on review of petitioner's
Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside, or
Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr.
Doc. #84)[1] and petitioner's supporting Brief (Cv. Doc. #2; Cr. Doc.
#85) and Affidavit (Cv. Doc. #3; Cr. Doc. #86).  In response, the
United States filed a Motion to Dismiss petitioner's Section 2255
Motion Because It Was Not Timely Filed (Cv. Doc. #9).  Petitioner
filed a Response to The United States Motion To Dismiss (Cv. Doc.
#11).  By a prior Order (Cv. Doc. #17), the Court allowed
petitioner to Supplement his § 2255 motion (Cv. Docs. #1, #14).

_____

     [1]The Court will make references to the dockets in the instant
action and in the related criminal case throughout this Opinion and
Order.  The Court will refer to the docket of the civil habeas
case as "Cv. Doc.", and will refer to the docket of the underlying
criminal case as "Cr. Doc."

For the reasons set forth below, the petitioner's motion under Section 2255, as supplemented, will be dismissed as untimely.

## I.

On July 11 2006, a federal grand jury returned an Indictment against Alexis Mendez (Mendez or petitioner) charging him with possession with intent to distribute 500 or more grams of cocaine, in violation of Title 21 U.S.C. Section 841(a)(1) and Section 841 (b)(1)(B)(ii). (Cr. Doc. #11.) Mendez initially pled not guilty to the charge and moved for a competency hearing. After a competency hearing, the magistrate judge found that Mendez was competent to proceed and the undersigned adopted this recommendation over Mendez's objections. (Cr. Docs. ## 60, 63, 66.) Mendez subsequently changed his plea to guilty, without the benefit of a plea agreement (Cr. Doc. #67), and ultimately was sentenced to 180 months imprisonment as a career offender (Cr. Doc. #75). Defendant's career offender status was based on convictions for two counts of obstruction with violence and a charge of escape from police custody. The Eleventh Circuit affirmed petitioner's conviction and sentence. United States v. Mendez, 284 F. App'x 653 (11th Cir. 2008) (per curiam). No petition for a writ of certiorari was filed with the United States Supreme Court.

Read liberally, as is required for *pro se* pleadings, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), Petitioner's § 2255 Motion and Supplement raise seven grounds to

vacate his sentence: (1) petitioner received ineffective assistance of counsel because his trial counsel failed to object to the career offender enhancement despite the government's failure to follow the procedures required by 21 U.S.C. § 851(a); (2) petitioner received ineffective assistance of counsel because his appellate counsel failed to raise the issues of the improper career offender enhancement and the district court's lack of jurisdiction to impose the enhanced sentence; (3) petitioner received ineffective assistance of counsel because his trial counsel allowed his base offense level, Sentencing Guidelines range, and sentence to be determined based upon an erroneous aggregation of the drug quantity to 25 kilograms of cocaine, instead of limiting it to the 500 grams or more as charged in the Indictment; (4) petitioner should be re-sentenced in light of Chambers v. United States, 555 U.S. 122 (2009), because it changed the manner in which convictions are deemed to be a violent felony and is retroactively applicable to petitioner's escape conviction; (5) petitioner received ineffective assistance of trial and appellate counsel for failing to raise the issues listed above; (6) petitioner should be re-sentenced in light of Johnson v. United States, 130 S. Ct. 1265 (2010) because his prior convictions for obstruction with violence do not qualify as crimes of violence for career offender purposes; and (7) petitioner should be re-sentenced because his career offender enhancement violated his Sixth Amendment rights under

<u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) and <u>Blakely v.</u>
<u>Washington</u>, 542 U.S. 296 (2004).

## II.

The United States argues that the Court should dismiss the petitioner's § 2255 motion because it is untimely under the Anti-Terrorism and Death Penalty Act of 1996 (AEDPA). (Cv. Doc. #9, pp. 2-3.) Read liberally, petitioner responds that his § 2255 motion is timely because he is entitled to statutory tolling, or alternatively he is entitled to equitable tolling, or alternatively he is entitled to consideration of the § 2255 motion based on actual innocence of the enhanced career offender sentence.

## A.  Statute of Limitations

The AEDPA imposed a one-year statute of limitations for filing a § 2255 motion, 28 U.S.C. § 2255(f), and a § 2255 motion is ordinarily subject to this one year limitations period. <u>Long v.</u>
<u>United States</u>, 626 F.3d 1167, 1169 (11th Cir. 2010). Federal prisoners, such as petitioner, whose convictions become final after April 24, 1996, the effective date of the AEDPA, have one year from the latest of any of four events to file a Section 2255 motion: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the

right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1)-(4); see also Pruitt v. United States, 274 F.3d 1315, 1317 (11th Cir. 2001).

**(1) Date of Final Judgment, § 2255(f)(1):**

The Eleventh Circuit entered judgment affirming petitioner's conviction and sentence on June 30, 2008. Mendez, 284 F. App'x at 655. Because no petition for a writ of *certiorari* was filed with the Supreme Court, the judgment became "final" at the end of the 90 day period during which petitioner could have filed such a petition, i.e., 90 days after entry of the appellate court's judgment. Clay v. United States, 537 U.S. 522, 532 (2003); Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002). This 90 day period expired on September 28, 2008, which was a Sunday. Therefore, the period is deemed to have expired the next working day, September 29, 2008. Fed. R. Civ. P. 6(a)(1); San Martin v. McNeil, 633 F.3d 1257, 1265-66 (11th Cir. 2011), cert. denied, 2011 U.S. LEXIS 6002 (Oct. 3, 2011). Petitioner's judgment thus became final on September 29, 2008, and petitioner had until September 29, 2009, to file the Section 2255 motion.

On March 31, 2010, petitioner's § 2255 motion was filed. Giving petitioner the benefit of the "mailbox rule," Houston v. Lack, 487 U.S. 266 (1988), Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001), the Court will deem the § 2255 motion filed on March 29, 2010, the date petitioner signed the motion while incarcerated. Even so construed, filing the motion on March 29, 2010, was six months after the expiration date of the statute of limitations, September 29, 2009. Therefore, unless the statute begins at later date under § 2255(f)(2)-(4), or the statute of limitations is equitably tolled, or results in a fundamental miscarriage of justice, petitioner's § 2255 motion is time-barred.

**(2) Date of Removal of Government Impediment, § 2255(f)(2):**

The one-year limitation can run not only from the date of the final conviction, but also from a later "date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action." 28 U.S.C. § 2255(f)(2). Thus, to establish such a later starting date, petitioner must show that (1) there was governmental action, (2) in violation of the Constitution or laws of the United States, (3) which prevented petitioner from filing his § 2255 motion, and (4) which action has been removed.

Petitioner asserts that his prison Case Manager failed to respond to his requests to view his Presentence Investigation

-6-

Report ("PSI"), which interfered with and frustrated his timely filing of the Section 2255 motion, and violated his due process rights.  The record reflects that on November 30, 2009, petitioner made the first of six documented requests to his Case Manager for a copy of his Presentence Report.  (Cv. Doc #11, Exhs. A-F.)  By this time, however, the § 2255 statute of limitations deadline (September 29, 2009) had already expired.  The record does not indicate that petitioner made prior attempts to contact the probation officer for the Presentence Report.  Petitioner therefore has provided no evidence that Case Manager interfered with or frustrated his ability to timely filing the § 2255 motion, and § 2255(f)(2) does not apply.

Petitioner also asserts that he was transferred into state custody from approximately April 7, 2008 until approximately July 8, 2008, during which time he was separated from his legal documents, which he left with an inmate who was assisting him with the preparation and filing of his § 2255 motion.  (Cv. Doc. #1, p. 12.)  Petitioner alleges nothing, however, to indicate this transfer was a violation of the Constitution or laws of the United States, and indeed asserts that the purpose was to resolve pending state charges.  Additionally, the transfer had no impact on the § 2255 statute of limitations, which did not begin until petitioner's conviction became final on September 29, 2008.  Petitioner's state

custody entirely predates the beginning date of the § 2255 statute of limitations.

**(3) Date of Newly Recognized Right, § 2255(f)(3):**

The one-year limitation can also run, or be re-started, from a "date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Thus, petitioner must show that the right he asserts is (1) a new right recognized by the Supreme Court, which (2) is retroactively applicable to his case. For purposes of § 2255(f)(3), the one-year limitations period begins running on the date the Supreme Court decided the case which initially recognized the right being asserted, not the date on which the Supreme Court decided retroactivity. <u>Dodd v. United States</u>, 545 U.S. 353, 357, 360 (2005). Petitioner argues that he was sentenced as a career offender in violation of the subsequent decisions in <u>Chambers v. United States</u>, 555 U.S. 122, 129 S. Ct. 687 (2009) and <u>Johnson v. United States</u>, 130 S. Ct. 1265 (2010).

**(i) <u>Chambers</u>**

Assuming for purposes of the motion that petitioner has satisfied his burden under § 2255(f)(3) that <u>Chambers</u> created a new right which is retroactively applicable to his § 2255 motion,

petitioner's § 2255 motion would still be untimely.  Chambers[2] was
decided on January 13, 2009, providing petitioner until January 13,
2010, to file a § 2255 petition asserting a right under Chambers.
As noted above, petitioner did not file his § 2255 motion until
March 29, 2010, which is untimely even if Chambers applies to his
case.

## (ii) **Johnson**

Petitioner also asserts that Johnson v. United States created
a retroactive new right, and that the statute of limitations should
begin on the date of that decision, March 2, 2010.  In Johnson, the
Supreme Court held that a defendant's prior Florida conviction of
felony battery did not amount to a "violent felony" for purposes of
sentencing under the ACCA.  Id. at 1274.  Petitioner, however, has
no felony battery conviction which was considered in the career
offender determination.  Petitioner was convicted of two counts of
Obstruction With Violence in 1996.  In 1996, the Florida statute
made it a third degree felony for a person who "knowingly and
willfully resists, obstructs, or opposes any officer . . . by

---

[2]In Chambers, the defendant failed to report to a local prison
four times for eleven weekends of incarceration, and was convicted
of "fail[ing] to report to a penal institution."  Chambers, 555
U.S. 125.  The Supreme Court held that such a conviction for
"failure to report" was not a violent felony within the meaning of
the Armed Career Criminal Act (ACCA).  Id. at 689.  The Supreme
Court further stated that "a failure to report . . .is a separate
crime, different from escape. . . . The behavior that likely
underlies a failure to report would seem less likely to involve a
risk of physical harm than the less passive, more aggressive
behavior underlying an escape from custody." Id. at 691.

offering or doing violence to the person of such officer. . . ."
Fla. Stat. § 843.01 (1995). The Eleventh Circuit has consistently
held after <u>Johnson</u> that violation of this statute is a violent
felony or a crime of violence. <u>United States v. Nix</u>, 628 F.3d 1341
(11th Cir. 2010), <u>cert. denied</u>, 2011 U.S. LEXIS 5726 (Oct. 3,
2011); <u>United States v. Jackson</u>, No. 09-11602, 2011 WL 4360910
(11th Cir. Sept. 20, 2011); <u>United States v. Baptiste</u>, No. 10-
15864, 2011 WL 3427714 (11th Cir. Aug. 8, 2011); <u>United States v.
Williams</u>, No. 10-14369, 2011 WL 2749683 (11th Cir. July 13, 2011);
<u>United States v. Hayes</u>, 409 F. App'x 277, 2010 WL 5122587 (11th
Cir. 2010). <u>Johnson</u> provides petitioner with no relief either as
to his substantive claim or to his assertion of a later starting
date for the statute of limitations.[3]

**(4) Date of Discovery of Supporting Facts, § 2255(f)(4):**

The statute of limitations can also begin on "the date on
which the facts supporting the claim or claims presented could have
been discovered through the exercise of due diligence." 28 U.S.C.
§ 2255(f)(4). Petitioner alleges no new facts which were not known

---

[3]Petitioner's reliance on <u>Begay v. United States</u>, 553 U.S. 137,
(2008), holding that the crime of driving under the influence of
alcohol (DUI) was not a violent felony within the ACCA, is also
misplaced. The Eleventh Circuit has held that <u>Begay</u> cannot apply
retroactively to a § 2255 proceeding. <u>United States v. Coley</u>, 336
F. App'x 933, 935 (11th Cir. 2009). Additionally, the record shows
that petitioner did not have a DUI conviction which was considered
as a crime of violence in the career offender determination.
Petitioner's reliance on <u>Apprendi</u> and <u>Blakely</u> is also misplaced
since neither of these cases were decided after he was sentenced.

to him at the time of sentencing, only intervening case law. Petitioner's transfer in 2008 is discussed above, and does not impact the statute of limitations.

Based on the above, petitioner's statute of limitations began on September 29, 2008, and expired on September 29, 2009. Petitioner filed his § 2255 motion on March 29, 2010, and therefore it is untimely unless petitioner is entitled to equitable tolling or shows a fundamental miscarriage of justice.

## B. Equitable Tolling

Petitioner argues that he is entitled to equitable tolling of the one year limitations period for three reasons: (1) he was transferred to another institution from approximately March 11, 2009, until late November 2009, during which time he and his inmate assistant were in separate institutions, with the assistant maintaining control of the legal documents; (2) he and his inmate assistant, while residing in the same institution, were prevented from preparing and completing the petition because of numerous lockdowns; and (3) he has demonstrated and established a causal connection between his mental incapacity and his inability to timely file his motion. The government responds that Petitioner is not entitled to any equitable tolling.

### (1) Equitable Tolling Principles:

The Eleventh Circuit has found that the § 2255 statute of limitations may be equitably tolled in a "proper case." Sandvik v.

United States, 177 F.3d 1269, 1271 (11th Cir. 1999). More
recently, the United States Supreme Court held for the first time
that a similar statute of limitations in 28 U.S.C. Section 2244(d)
is subject to equitable tolling "in appropriate cases." Holland v.
Florida, 130 S. Ct. 2549, 2560 (2010)(citing Sandvik with
approval).[4] Petitioner is entitled to equitable tolling only if he
can demonstrate: "(1) that he has been pursuing his rights
diligently, and (2) that some extraordinary circumstance stood in
his way and prevented timely filing." Holland, 130 S. Ct. at 2562
(quotation marks and citation omitted). See also Sandvik, 177 F.3d
at 1271. As to the first prong, "[t]he diligence required for
equitable tolling purposes is reasonable diligence, [ ] not maximum
feasible diligence." Holland, 130 S. Ct. at 2565 (internal
quotation marks and citations omitted). To demonstrate the second
prong, the exceptional circumstances focus on the circumstances
surrounding the late filing, not the circumstances underlying the
conviction. Jones v. United States, 304 F.3d 1035, 1040 (11th Cir.
2002). Petitioner must "show a causal connection between the
alleged extraordinary circumstances and the late filing of the
petition." San Martin, 633 F.3d at 1267. "The burden of proving
circumstances that justify the application of the equitable tolling

---

[4]Cases interpreting equitable tolling of the statute of
limitations under 28 U.S.C. § 2244 are equally valid in § 2255
cases. Jones v. United States, 304 F.3d 1035, 1037 n.4 (11th Cir.
2002).

doctrine rests squarely on the petitioner." Id. at 1268 (citations omitted).

**(2) Evidentiary Hearing:**

Petitioner requests that an evidentiary hearing be held to resolve the issues of his § 2255 motion, (Cv. Doc #2, pg. 6), which the Court construes as applying to the statute of limitations issues and equitable tolling. Petitioner has the burden of establishing the need for an evidentiary hearing. Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011). The Court "must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. [ ] That means that if a habeas petition does not allege enough specific facts that, if they were true, would warrant relief, the petitioner is not entitled to an evidentiary hearing." Chavez 647 F.3d at 1060 (internal citation omitted). See also Allen v. Sec'y, Fla. Dep't of Corr., 611 F.3d 740, 763 (11th Cir. 2010) ("Having alleged no specific facts that, if true, would entitle him to federal habeas relief, Allen is not entitled to an evidentiary hearing."). Petitioner has not alleged specific facts which, if true, would entitle him to equitable tolling. Therefore, Mendez is not entitled to an evidentiary hearing.

**(3) Equitable Tolling Analysis:**

Petitioner asserts that he was transferred a second time to another institution, from approximately March 11, 2009, until late November 2009, during which time he and his inmate assistant were in separate institutions, with the assistant maintaining control of the legal documents. (Cv. Doc. #3, ¶¶ 7, 10.) Petitioner asserts that he tried but failed to obtain his legal documents from his inmate assistant, and was unsuccessful in obtaining other inmate assistance with regard to obtaining his legal documents for filing this motion. (Id. at ¶¶ 8-9.)

Equitable tolling is not warranted due to transfer between institutions unless evidence supports "a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Dodd v. United States, 365 F.3d, 1282 (11th Cir. 2004)(quoting Sandvik, 177 F.3d at 1271). See also Akins v. United States, 204 F.3d 1086, 1087 (11th Cir. 2000). Petitioner offers no evidence of due diligence from September 29, 2008 through March 29, 2009, and has failed to provide evidence for his untimely filing of "extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Petitioner's second separation from his inmate assistant and legal documents, from approximately March 11, 2009 until late November 2009, is not a valid ground for equitable tolling. Sandvik, 177 F.3d at 1271.

Petitioner also asserts that he and his inmate assistant, while residing in the same institution, were prevented from preparing and completing the petition because of numerous lockdowns. (Cv. Doc. #3 at ¶ 6.) The limitations period for filing a § 2255 motion will generally not be equitably tolled based on prison lockdowns. <u>Akins</u>, 204 F.3d at 1087. Petitioner must show an actual injury from the lockdown, and how it unconstitutionally prevented him from exercising this fundamental right. <u>Id.</u> at 1090. Additionally, petitioner has the burden of showing that the lockdown was "not 'reasonably related to legitimate penological interests,' in order for the lockdown to be considered an unconstitutional impediment." <u>Akins</u>, 204 F.3d at 1090 (citations omitted). Petitioner has only provided evidence of one lockdown – from May 11, 2010 until May 17, 2010 (Cv. Doc. #11, Exh. F) – which occurred after the September 29, 2009 expiration of the § 2255 statute of limitations and does not toll the statute. The record does not support a finding of actual injury because Mendez fails to adequately explain why the approximately eight month period, from July 9, 2008 until March 11, 2009, when he and his inmate assistant resided in the same institution, was not sufficient to complete and file his motion. Since petitioner fails to demonstrate actual injury from any lockdown, he fails to satisfy the "extraordinary circumstances" prong justifying equitable tolling.

Finally, petitioner asserts that he has demonstrated and established a causal connection between his mental incapacity and his inability to timely file his motion. (Cv. Doc. #11, p. 9.) Hunter v. Ferrell, 587 F.3d 1304 (11th Cir. 2009), establishes that a person with substantial mental retardation may be granted an exception to filing within AEDPA's one year limitations period. The question is whether petitioner "has presented sufficient evidence to create a factual issue as to a [this] causal connection. . . ." Hunter, 587 F.3d at 1308. A petitioner's documentation through medical reports of a full scale IQ of 81 and contention that he had "suffered from mental impairments his entire life," alone, were "insufficient to justify equitable tolling" because they did not establish a factual issue as to the causal connection stated above. Lawrence v. Florida, 421 F.3d 1221, 1227 (11th Cir. 2005). Similarly, Petitioner Mendez's PSI and medical records which indicate that he may have suffered from mental impairments his entire life are not sufficient to justify equitable tolling. (PSI at ¶¶ 15-16; Mendez, 284 F. App'x at 656.)

In Hunter the court found that the doctor's report "strongly suggests that Hunter's well-documented, irreversible mental retardation is severe enough that Hunter, by himself, is not able to understand and comply with the AEDPA's filing requirements and deadlines." Hunter, 587 F.3d at 1309. In contrast, petitioner has not been diagnosed as mentally retarded. A competency hearing for

petitioner Mendez was held on March 19, 2007, and the Court found the testimony of Dr. Luis, a Forensic Psychologist, to be persuasive. (Cr. Doc. #60, p. 8.) Dr. Luis concluded that the petitioner was a "malingerer, in that he has the feature of intentionally misrepresenting or exaggerating his symptoms 'for gains such as receiving diminished legal ramifications.'" Id., at p. 2 (citing Forensic Examination p. 8).[5] Therefore, petitioner's history of mental illness does not merit equitable tolling.

Petitioner filed this motion on March 29, 2010, six months after the expiration of the statute of limitations on September 29, 2009. Petitioner's equitable tolling arguments fail to demonstrate that the untimely filing of his motion was due to extraordinary circumstances that were both beyond his control and unavoidable even with diligence. Therefore, Petitioner is not entitled to equitable tolling.

## C. Fundamental Miscarriage of Justice

Petitioner contends "there has been a fundamental miscarriage of justice" (Cv. Doc. 2, p. 16), and he is entitled to consideration of the § 2255 motion based on actual innocence of the enhanced career offender sentence. Petitioner asserts that the

---

[5]Dr. Luis based this conclusion on Petitioner's inconsistency with the following: IQ results, English language proficiency, performance on objective tests, educational and psychological histories, and listening to monitored telephone conversations where the Defendant was aware of the legal proceedings against him. (Cr. Doc. #60, pp. 3-4.)

government failed to follow the required procedure of 21 U.S.C. § 851, and therefore the district court had no jurisdiction to enhance the sentence; that in light of <u>Chambers</u> his escape conviction is no longer considered a crime of violence; and that in light of <u>Johnson</u> his obstruction with violence convictions are no longer considered crimes of violence. For the reasons set forth below, these assertions are rejected.

Neither the United States Supreme Court nor the Eleventh Circuit has ever held that the Constitution requires an actual innocence exception to the one-year limitations period of AEDPA in the context of non-capital sentencing. <u>McKay v. United States</u>, __ F.3d ___, 2011 WL 4389641, *5 (11th Cir. Sept. 22, 2011); <u>Johnson v. Fla. Dep't of Corr.</u>, 513 F.3d 1328, 1333 (11th Cir. 2008). Assuming the actual innocence exception does apply in a non-capital sentencing context such as this, <u>McKay</u> held that it would not apply where petitioner's claim is one of legal, rather than factual innocence. <u>Id.</u> at *6.

> McKay makes the purely *legal* argument that he is actually innocent of his career offender sentence because his prior conviction for carrying a concealed weapon should not have been classified as a "crime of violence" under the Guidelines. McKay does not even suggest, because he cannot, that he did not actually commit the crime of carrying a concealed weapon. In other words, he makes no claim of *factual* innocence of the predicate offense. No circuit court has held that the actual innocence exception is available for claims of purely legal innocence, like McKay's, and we refuse to do so as well. Thus, even if the actual innocence exception were to extend to the noncapital sentencing context (a question we need not decide), this exception would not apply to

McKay's claim of legal innocence and thus could not excuse his procedural default.

McKay, at *7 (emphasis in original).  Here, Mendez does not argue he is factually innocent of the predicate offenses, but merely asserts legal innocence.  Indeed, Mendez states that "petitioner's escape simply involved him leaving a building that he was left in by way of a window."  (Cv. Doc. #2, p. 11.)  As to his obstruction with violence conviction, Mendez simply asserts that it was committed with "de minimis force" (Cv. Doc. #14, p. 3), and that it "was committed by me with 'nominal contact', 'slight incidental physical contact and also with actually and intentionally touching the law enforcement officer against his will,'" (id. at p. 4).  Therefore, as in McKay, the actual innocence exception does not apply to the legal issues raised by Mendez.

Additionally, petitioner is simply wrong as to his legal arguments.  It is clear that the government must follow the procedures of 21 U.S.C. § 851 if it attempts to increase the statutory maximum penalty under 21 U.S.C. § 841(b)(1) because of prior convictions.  United States v. Ladson, 643 F.3d 1335, 1343 (11th Cir. 2011).  That is not what happened in this case.  The §851 procedures do not apply to the career offender enhancement of Mendez under the Sentencing Guidelines.  Young v. United States, 936 F.2d 533, 536 (11th Cir. 1991)("the Government does not have to follow the notice requirements of section 851 in order to use a defendant's prior convictions to enhance his sentence under the

Guidelines as a career offender, so long as the enhanced sentence still falls within the permissible statutory range"). Further, even if <u>Chambers</u> is considered, petitioner's escape conviction remains a crime of violence. <u>United States v. Proch</u>, 637 F.3d 1262 (11th Cir. 2011).

Finally, even if petitioner was not considered a career offender, his Sentencing Guidelines range would not change. Petitioner was held responsible for the distribution of at least 25 kilograms of cocaine[6]. The Drug Quantity Table provided for a base offense level of 34 for offenses involving at least 15 but less than 50 kilograms of cocaine. Petitioner's base level was reduced by 3 points for acceptance of responsibility, for a total offense level of 31. Petitioner had a total of 13 criminal history points, with a criminal history category of VI. This is the same total offense level and Criminal History category as was calculated under the career offender provisions, and results in the same sentencing range of 188-235 months. <u>Mendez</u>, 284 F. App'x at 657.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. The United States' Motion to Dismiss Petitioner's Section 2255 Motion (Doc. #9) is **GRANTED**. Petitioner's Motion Under 28

_____

[6]Contrary to petitioner's argument in the § 2255 motion, his attorney did object to the quantity of cocaine attributed to him, and this objection was overruled. <u>Mendez</u>, 284 F. App'x. at 657.

U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #84), as supplemented (Cv. Doc. #14), is **DISMISSED** with prejudice as untimely.

2. The Clerk of the Court shall enter judgment accordingly, close the civil file, and file a copy of the civil judgment in the criminal case file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); <u>Harbison v. Bell</u>,556 U.S. 180, 129 S. Ct. 1481, 1485 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) or, that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003)(citation omitted). Petitioner has not made the requisite showing in these circumstances.

Further, because Petitioner is not entitled to a certificate of appealability, he is not entitled to proceed *in forma pauperis* on appeal.

**DONE AND ORDERED** at Fort Myers, Florida, this __27th__ day of October, 2011.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Petitioner